**Rodolfo OCHOA–RODRIGUEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 04–73869, 04–76154.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.[*]

Filed Aug. 1, 2006.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Karla Kraus, San Diego, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Virginia Lum, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Rodolfo Ochoa–Rodriguez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's decision denying his application for cancellation of removal, and the BIA's order denying his motion to reopen removal proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

We dismiss the petitions for review in part and deny them in part.

■ We lack jurisdiction to review the BIA's discretionary determination that petitioner failed to show exceptional and extremely unusual hardship. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003).

■ The IJ did not abuse her discretion in denying petitioner's request for a continuance. That request was not made until the day of the hearing, and was based on petitioner's need for additional time to gather evidence regarding his five-year-old son's speech problem, even though his son had suffered from the condition since age two. *See Gonzalez v. INS,* 82 F.3d 903, 908 (9th Cir.1996) (denial of a continuance will not be overturned except on a showing of clear abuse).

■ The evidence regarding speech problems that petitioner presented with his motion to reopen concerned the same basic hardship grounds as his application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's determination that the evidence petitioner submitted would not alter its prior discretionary determination that petitioner failed to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard.") (Internal quotations and brackets omitted).

The evidence regarding petitioner's son's reactive airway disease that petitioner presented with his motion to reopen concerned an entirely new basis for finding hardship. *See id.* at 601–02. We therefore have jurisdiction to consider whether the BIA abused its discretion in considering whether that evidence justified reopening. *See id.* (holding that the BIA's consideration of evidence directed at "an entirely new basis for finding hardship" is "reviewable for abuse of discretion, as the petitioner is presenting a basis for relief that was not previously denied in the exercise of the agency's unreviewable discretion"). The BIA did not abuse its discretion by denying the motion to reopen, because the BIA considered the evidence petitioner submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

**No. 04–73869; PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**No. 04–76154; PETITION FOR REVIEW DISMISSED in part; DENIED in part.**